## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2019, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Steven Robbins
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven Robbins,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

August 16, 2019

Court of Appeals Case No.
49A04-1709-PC-2143

Appeal from the Marion Superior Court

The Honorable Kurt M. Eisgruber, Judge

Trial Court Cause No.
49G01-0205-PC-140250

**Baker, Judge.**

Steven Robbins has filed a petition for rehearing in this cause. We grant the petition for the limited purpose of correcting two statements made in our original decision. We stated that trial counsel had "reviewed all discovery provided by the State and conducted a considerable amount of discovery, including taking five depositions and other witness interviews." *Robbins v. State*, No. 49A04-1709-PC-2143, at slip op. p. 6 (Ind. Ct. App. June 13, 2019). Evidently, when trial counsel took over the case, Robbins's first attorney had already conducted the discovery. So, while trial counsel reviewed all of the discovery available, she, herself, did not actually take depositions or take any discovery.

Second, we stated that "there is no evidence in the record that counsel had any knowledge of Charrece's existence." *Id.* at 7. Apparently, Charrece's name did appear on one document in a voluminous record; specifically, her name was on the police Incident History Detail report.

We hereby correct those two statements that we made in error. This does not, however, change our view of what the outcome should be. Our original result stands and we deny the petition for rehearing in all respects other than what we had already addressed herein.

May, J., and Tavitas, J., concur.